**CALDARELLI HEJMANOWSKI & PAGE LLP**
William J. Caldarelli (SBN #149573)
Ben West (SBN #251018)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Telephone: (858) 720-8080
Facsimile: (858) 720-6680
wjc@chplawfirm.com
dbw@chplawfirm.com

**FABIANO LAW FIRM, P.C.**
Michael D. Fabiano (SBN #167058)
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (619) 742-9631
mdfabiano@fabianolawfirm.com

**OSBORNE LAW LLC**
John W. Osborne *(Appointed Pro Hac Vice)*
33 Habitat Lane
Cortlandt Manor, NY 10567
Telephone: (914) 714-5936
josborne@osborneipl.com

**WATTS LAW OFFICES**
Ethan M. Watts (SBN #234441)
12340 El Camino Real, Suite 430
San Diego, CA 92130
Telephone: (858) 509-0808
Facsimile: (619) 878-5784
emw@ewattslaw.com

Attorneys for Plaintiff Ameranth, Inc.

**AMERANTH'S OPPOSITION TO TICKETBISCUIT'S MOTION TO DISMISS**        Civil Action No. 3:13-cv-0352-JLS-NLS

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERANTH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TICKETBISCUIT, LLC,<br><br>Defendant. | Case No. 3:13-cv-0352-JLS-NLS<br><br>**AMERANTH, INC.'S OPPOSITION TO TICKETBISCUIT, LLC'S MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Date:** July 11, 2013<br>**Time:** 1:30 p.m.<br>**Courtroom:** 6<br>**Judge:** Hon. Janis L. Sammartino<br><br>Complaint filed: February 13, 2013 |

---

**AMERANTH'S OPPOSITION TO TICKETBISCUIT'S MOTION TO DISMISS**      **Civil Action No. 3:13-cv-0352-JLS-NLS**

# I. INTRODUCTION

In deciding TicketBiscuit, LLC's ("TicketBiscuit") Motion to Dismiss, the Court is presented with these straightforward issues:

**Properly Pleading Indirect Infringement.** Under Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a plaintiff is only required to plead enough facts so that, when taken as true, the complaint states a claim to relief that is plausible on its face. Here, TicketBiscuit would have the Court find that Ameranth has not alleged sufficient facts to ultimately **prove** its claims. But at the pleading stage, Ameranth is only required to plead facts creating a **plausible inference** that it is entitled to relief. Ameranth has satisfied that burden.

**Properly Pleading Willfulness.** TicketBiscuit ignores the facts alleged in the Complaint in arguing that the Complaint does not contain any facts supporting Ameranth's willful infringement allegations. The Complaint, in actuality, contains facts creating a plausible inference that TicketBiscuit had pre-filing knowledge of Ameranth's patents. For these reasons, as more fully explained below, the Court should deny TicketBiscuit's Motion.[1]

# II. BACKGROUND

The asserted patents are U.S. Patent Nos.: 6,384,850 ("the '850 Patent"); 6,871,325 ("the '325 Patent"); and 8,146,077 ("the '077 Patent") (collectively the "Patents-in-Suit"). (Compl. ¶ 12.) Ameranth sued TicketBiscuit for direct infringement under 35 U.S.C. § 271(a), for inducing infringement under 35

---

[1] On pages 1-2 of TicketBiscuit's Memorandum of Points and Authorities, TicketBiscuit states that it "seeks the Complaint's dismissal under Rule 12(b)(6) on three principal grounds . . . ." The three grounds are indirect infringement, willful infringement, and direct infringement. While TicketBiscuit's Memorandum includes argument on the first two grounds, it does not include any argument on why the Complaint should be dismissed as to direct infringement. Since TicketBiscuit failed to include any argument supporting this "ground," TicketBiscuit has waived any challenge to Ameranth's direct infringement claims.

1

**AMERANTH'S OPPOSITION TO TICKETBISCUIT'S MOTION TO DISMISS**                              **Civil Action No. 3:13-cv-0352-JLS-NLS**

U.S.C. § 271(b), and for contributory infringement under 35 U.S.C. § 271(c). Inducing infringement and contributory infringement are collectively referred as "indirect infringement" throughout this brief. TicketBiscuit filed its Motion to Dismiss on April 22, 2013 (Doc. 12).

### III. ARGUMENT

#### A. Legal Standards For Ruling on a Motion to Dismiss.

In ruling on a motion to dismiss, the district court must "draw all reasonable inferences in favor of the non-moving party." Id. The Federal Circuit in In re Bill of Lading Transmission and Processing Sys. Patent Litig., 681 F.3d 1323 (Fed. Cir. 2012) [hereinafter "Bill of Lading"], stated, "Twombly did not alter this basic premise. Nothing in Twombly or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible." Id. The court further stated, "the plausibility requirement is not akin to a 'probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal' that the defendant is liable for the misconduct alleged." Id. at 1341 [internal citations omitted].

#### B. Ameranth Sufficiently Alleged That TicketBiscuit Specifically Intended Others To Directly Infringe the Patents-In-Suit.

The question before the Court related to Ameranth's inducing infringement claim is whether Ameranth pleaded sufficient facts to plausibly infer that TicketBiscuit specifically intended its customers to infringe the Patents-in-Suit and knew that the customers' acts constituted infringement.

Bill of Lading held that it is reasonable to infer specific intent from statements and conduct that are assessed in the context in which they occurred. Id. at 1340. One way a plaintiff properly pleads the specific intent element is by

alleging that a defendant advertises an infringing product and instructs others on how to engage in an infringing use:

> Common sense indicates that advertising that your product can be used to [achieve certain benefits] . . . gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method. This is sufficient to push the complaint past the line "between possibility and plausibility."

Id. at 1341-42 (quoting Twombly, 550 U.S. at 557.) See also, Pacing Techs. v. Garmin Int'l, Inc., No. 12-cv-1067, 2013 WL 444642 (S.D. Cal. Feb. 5, 2013) (denying motion to dismiss indirect infringement claim and holding that plaintiff had alleged sufficient facts to create a plausible inference of intent by alleging defendant knew of the patents, encouraged customers to use products, and instructed customers on how to use products); Trading Techs. Int'l, Inc. v. BCG Partners, Inc., No. 10c715, 2011 WL 3946581, at *4 (N.D. Ill. Sept. 2, 2011) ("the Court may infer that by selling their infringing products the defendants intended their customers to use them and thus infringe TT's patents."); AntiCancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc., 745 F. Supp. 2d 1165, 1170 (S.D. Cal. 2010) ("[A]dvertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe and can constitute actively aiding another's infringement.").

Here, Ameranth alleged that TicketBiscuit "provides instruction and direction regarding the use of the TicketBiscuit System, and advertises, promotes, and encourages the use of the TicketBiscuit System." (Compl. ¶¶ 21, 36, 51; Doc. 1.) Ameranth also identified the class of persons induced by TicketBiscuit as including "TicketBiscuit's ticketing service customers and consumers who purchase tickets via the TicketBiscuit System." (Compl. ¶¶ 20, 35, 50.)

The Federal Circuit has held that intent to cause a specific act coupled with the defendant's knowledge of the patents-in-suit, creates a presumption that the defendant had the intent to cause infringement. Ricoh Co., Ltd. v. Quanta Computer Inc., 550 F.3d 1325, 1342-43 (Fed. Cir. 2008). Here, Ameranth alleged that TicketBiscuit had knowledge of the Patents-in-Suit prior to the commencement of the suit due to the widespread acclaim of Ameranth's patents in the hospitality industry. (Compl. ¶¶ 8-11.) Ameranth also alleged that TicketBiscuit knew of the Patents-in-Suit due to:

> Industry acclaim for Ameranth's products and inventions, the success of the ticketing system developed by Ameranth, the widespread knowledge in the hospitality industry of the Ameranth patents, the patent license agreement that Ameranth has entered into with numerous companies in the hospitality industry, and the lawsuits which Ameranth has initiated against infringers, including ticking companies such as TicketMob, TicketMaster, and StubHub.

(Compl. ¶ 12.) In light of these factually based allegations, it is reasonable to infer that TicketBiscuit knew of the Patents-in-Suit and, thus, a presumption exists that TicketBiscuit specifically intended for others to directly infringe the Patents-in-Suit. Consequently, Ameranth alleged sufficient facts for the Court to plausibly infer that TicketBiscuit had the requisite specific intent for inducing infringement.

### C. Ameranth Sufficiently Alleged That TicketBiscuit Knew That Others' Directly Infringed.

To properly allege the knowledge prong of inducing infringement, Ameranth is only required to plead sufficient facts creating a plausible **inference** that TicketBiscuit knew that the use of its products by others constituted direct infringement. Rule 9(b) of the Federal Rules of Civil Procedure is instructive to this analysis. Rule 9(b) permits **general allegations** regarding "malice, intent, knowledge, and other conditions of a person's mind . . . ."

4

In <u>Weiland Sliding Door and Windows, Inc. v. Panda Windows and Doors, LLC</u>, No. 10cv677, 2012 WL 202664 (S.D. Cal. Jan. 23, 2012), the Court addressed this issue in a motion to dismiss. The Court held that the patentee alleged sufficient facts to support an inference that defendants knew that its products infringed. <u>Id.</u> at 5. The Court reached this holding through a combination of allegations regarding: defendants' pre-filing knowledge of the patents-in-suit, advertisements of the infringing products by the defendants, instructions on how to use the infringing products from defendants, and the similarity of the defendants' products with the patentee's products. <u>Id.</u>

Here, Ameranth made similar allegations. Ameranth alleged that TicketBiscuit's accused system practices elements of the Patents-in-Suit (Compl. ¶¶ 19, 34, 49) that TicketBiscuit advertises the accused system and offers instruction on how to use the accused system (Compl. ¶¶ 21, 36, 51) and that TicketBiscuit knew of Ameranth's patents before the filing of the Complaint against TicketBiscuit (Compl. ¶¶ 8-12, 23, 38, 53). When these factually based allegations are, "considered in the context of the technology disclosed in the [patents-in-suit] and the industry to which defendants tout their products," <u>Bill of Lading</u>, 681 F.3d at 1340, it is clear that Ameranth pleaded enough facts to create a plausible inference that TicketBiscuit knew the accused system infringed the Patents-in-Suit.

**D.   The Complaint Contains Sufficient Facts To Plausibly Infer That TicketBiscuit Is Liable For Contributory Infringement.**

To sufficiently plead a contributory infringement claim, a patentee "must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." <u>Bill of Lading</u>, 681 F.3d at 1337.

Here, Ameranth met that burden by alleging:

5

**AMERANTH'S OPPOSITION TO TICKETBISCUIT'S MOTION TO DISMISS                        Civil Action No. 3:13-cv-0352-JLS-NLS**

> On information and belief, Defendant has long had knowledge of the patents-in-suit, because of, inter alia, industry acclaim for Ameranth's products and inventions, the success of the ticketing system developed by Ameranth, the widespread knowledge in the hospitality industry of the Ameranth patents, the patent license agreements that Ameranth has entered into with numerous companies in the hospitality industry, and the lawsuits Ameranth has initiated against infringers, including ticketing companies such as TicketMob, TicketMaster, and StubHub. (Compl. ¶ 12.)
>
> On information and belief, TicketBiscuit has had knowledge of the '850 patent, as set forth hereinabove, including knowledge that the TicketBiscuit System, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '850 patent, and that there are no substantial non-infringing uses for the TicketBiscuit System. (Compl. ¶ 27.)
>
> On information and belief, TicketBiscuit has had knowledge of the '325 patent, as set forth hereinabove, including knowledge that the TicketBiscuit System, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '325 patent, and that there are no substantial non-infringing uses for the TicketBiscuit System. (Compl. ¶ 42.)
>
> On information and belief, TicketBiscuit has had knowledge of the '077 patent, as set forth hereinabove, including knowledge that the TicketBiscuit System, which is a non-staple article of commerce, has been used as a material part of the claimed invention of the '077 patent, and that there are no substantial non-infringing uses for the TicketBiscuit System. (Compl. ¶ 57.)

These allegations must be read in light of the factual allegations contained in paragraphs 18-19, 33-34, and 48-49. These paragraphs explain what the TicketBiscuit System does and how it is used to infringe the Patents-in-Suit. By connecting these detailed factual allegations with the allegations found in paragraph 5 regarding the scope of the TicketBiscuit System, these allegations create a plausible inference that the TicketBiscuit System has no substantial noninfringing use. At this stage of the proceeding, this is all that is required under <u>Iqbal</u> and <u>Twombly</u>. Accordingly, Ameranth has met its pleading burden and TicketBiscuit's Motion should be denied.

### E. Ameranth Pleaded Sufficient Facts To Plausibly Infer That TicketBiscuit Willfully Infringed The Patents-In-Suit.

To properly plead willful infringement, Ameranth need only allege sufficient facts leading to the plausible inference that TicketBiscuit had knowledge of the Patents-in-Suit and acted despite this knowledge.

In Sony Corp. v. LG Elecs. U.S.A., Inc., 768 F. Supp. 2d 1058 (N.D. Cal. 2011), Sony alleged that LG Electronics willfully infringed Sony's patent. LG moved to dismiss the willfulness claim, arguing that Sony failed to plead facts showing that LG Electronics "acted despite an objectively high likelihood that their actions constituted infringement of a valid patent." Id. at 1063. The court found that Sony's complaint sufficiently alleged willful infringement because Sony "identifie[d] the specific accused products . . . and allege[d] that defendants had actual notice of the patents in suits [sic]." Id. at 1064.

Here, that is exactly what Ameranth did. Ameranth identified the accused product with factual specificity by describing how the accused TicketBiscuit System infringes the Patents-in-Suit, (Compl. ¶¶ 18-19, 33-34, and 48-49), and alleged that TicketBiscuit had knowledge of the Patents-in-Suit (Compl. ¶¶ 27, 42, 57). As pointed out above, Ameranth alleged sufficient facts regarding the wide-spread knowledge of its technology such that it is reasonable for the Court to conclude that TicketBiscuit plausibly knew of the Patents-in-Suit before the filing of the Complaint. (Compl. ¶¶ 8-12.) Contrary to TicketBiscuit's assertion, these are not conclusory allegations. It is plausible to infer, for instance, that TicketBiscuit knew of Ameranth's patents prior to the filing of the Complaint against TicketBiscuit due to the other lawsuits Ameranth filed against other companies operating in the same industry as TicketBiscuit. At this stage of the litigation, that is all that is required of Ameranth.

**AMERANTH'S OPPOSITION TO TICKETBISCUIT'S MOTION TO DISMISS**             **Civil Action No. 3:13-cv-0352-JLS-NLS**

TicketBiscuit improperly relies on In re Seagate Tech., LLC, 497 F.3d 1360 (Fed. Cir. 2007). Seagate addresses what a patentee must **prove** to ultimately prevail on willful infringement. Seagate, however, does **not** address sufficiently **pleading** willful infringement. See Milwaukee Elec. Tool Corp. v. Hitachi Koki Co., Ltd., No. 09-C-948, 2011 WL 665439, at *3 (E.D. Wis. Feb. 14, 2011) (denying motion to dismiss and stating "[t]he defendants' reliance on Seagate for purposes of their motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) is misplaced. Although the defendants properly assert that Seagate sets forth the standard for establishing willful infringement, the defendants fail to recognize that Seagate is not controlling for purposes of pleading under Fed.R.Civ.P. 8(a).").

All of these facts together lead to the plausible inference that TicketBiscuit had pre-filing knowledge of the Patents-in-Suit and that Ameranth sufficiently stated a claim for willful infringement.

### IV. CONCLUSION

The outcome of TicketBiscuit's Motion to Dismiss rests on these simple questions.

1. Has Ameranth pleaded sufficient facts to create a plausible inference that TicketBiscuit specifically intended third parties to infringe the Patents-in-Suit?
2. Has Ameranth pleaded sufficient facts to create a plausible inference that TicketBiscuit knew that the acts of others constituted direct infringement?
3. Has Ameranth pleaded sufficient facts to create a plausible inference that TicketBiscuit's System has no substantial non-infringing use?

8

4. Has Ameranth pleaded sufficient facts to create a plausible inference that TicketBiscuit had pre-filing knowledge of the Patents-in-Suit?

Ameranth's Complaint contains sufficient facts for the Court to answer "yes" to each of these questions. The Court, therefore, should deny TicketBiscuit's Motion to Dismiss. To the extent the Court finds Ameranth's Complaint does not allege sufficient facts in support of any of its claims, Ameranth requests leave of Court to amend its Complaint to cure any items deemed insufficient by the Court.

Dated: June 27, 2013         CALDARELLI HEJMANOWSKI & PAGE LLP

By: */s/ William J. Caldarelli*
    William J. Caldarelli

FABIANO LAW FIRM, P.C.
Michael D. Fabiano

OSBORNE LAW LLC
John W. Osborne

WATTS LAW OFFICES
Ethan M. Watts

**Attorneys for Plaintiff Ameranth, Inc.**