1  Brian Dunne (Bar No. 275689)
2  bdunne@olavidunne.com
   Matt Olavi (Bar No. 265945)
3  molavi@olavidunne.com
4  **OLAVI DUNNE LLP**
   800 Wilshire Blvd., Suite 320
5  Los Angeles, California 90017
   Telephone:  (213) 516-7900
6  Facsimile:   (213) 516-7910
7
8  *Attorneys for Defendant TICKETBISCUIT, LLC*

9

10            **UNITED STATES DISTRICT COURT**

11           **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

| | | |
|---|---|---|
| 14 AMERANTH, INC., | ) | Case No. 3:13-cv-0352-DMS(WVG) |
| 15        Plaintiff, | )<br>) | **TICKETBISCUIT, LLC'S ANSWER** |
| 16 | )<br>) | **TO AMERANTH, INC'S COMPLAINT FOR PATENT** |
| 17     v. | )<br>) | **INFRINGEMENT AND COUNTERCLAIMS** |
| 18 TICKETBISCUIT, LLC, | )<br>) | **JURY TRIAL DEMANDED** |
| 19        Defendant. | ) | Complaint Filed:  Feb. 13, 2013 |
| 20 _____ | ) | |

21

22

23

24

25

26

27

28

Defendant TicketBiscuit, LLC. ("Defendant" or "TicketBiscuit") answers Plaintiff Ameranth, Inc.'s ("Plaintiff" or "Ameranth") Complaint for patent infringement filed on February 13, 2013 and asserts counterclaims as follows. TicketBiscuit denies the allegations and characterizations in the Complaint unless expressly admitted in the following paragraphs:

## PARTIES

1.      TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2.      TicketBiscuit admits that it is a Delaware corporation having a principal place of business and headquarters in Birmingham, Alabama. TicketBiscuit further admits that it operates a website that provides an online/mobile service to sell and distribute event tickets. TicketBiscuit further admits that the tickets purchased via TicketBiscuit's service can be added to Apple's Passbook on iPhone or iPod Touch running iOS6. Except as expressly admitted herein, TicketBiscuit denies the remaining allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      TicketBiscuit admits that this action purports to arise under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285. Except as expressly admitted herein, TicketBiscuit denies each and every allegation set forth in Paragraph 3 of the Complaint.

4.      TicketBiscuit admits that this Court has subject matter jurisdiction over patent infringement actions pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, TicketBiscuit denies each and every allegation set forth in Paragraph 4 of the Complaint.

5.      TicketBiscuit denies each and every allegation set forth in Paragraph 5 of the Complaint.

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

6. TicketBiscuit denies each and every allegation set forth in Paragraph 6 of the Complaint.

7. TicketBiscuit denies each and every allegation set forth in Paragraph 7 of the Complaint.

## BACKGROUND

8. TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and on that basis denies them.

9. TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10. TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11. TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12. TicketBiscuit denies each and every allegation set forth in Paragraph 12 of the Complaint.

13. TicketBiscuit admits that Ameranth has asserted U.S. Patent No. 6,384,850, U.S. Patent No. 6,871,325, and U.S. Patent No. 8,146,077 (collectively "the Patents-in-Suit") against TicketBiscuit in this Complaint, but TicketBiscuit denies that it infringes any claim of any of the Patents-in-Suit. TicketBiscuit is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 13 of the Complaint, and therefore denies them.

14. TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

## COUNT 1
### Patent Infringement (U.S. Pat. No. 6,384,850)
### (35 U.S.C. § 271)

15.     TicketBiscuit incorporates its responses to Paragraphs 1-14 as though fully set forth herein.

16.     TicketBiscuit admits that U.S. Patent No. 6,384,850 ("the '850 patent") states on its face that it is entitled "Information Management and Synchronous Communications System with Menu Generation," and also states on its face that it was issued on May 7, 2002. TicketBiscuit further admits that what appears to be a copy of the '850 patent was attached as Exhibit A to the Complaint. TicketBiscuit is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 16 of the Complaint, and therefore denies them.

17.     TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18.     TicketBiscuit denies each and every allegation set forth in Paragraph 18 of the Complaint.

19.     TicketBiscuit denies each and every allegation set forth in Paragraph 19 of the Complaint.

20.     TicketBiscuit denies each and every allegation set forth in Paragraph 20 of the Complaint.

21.     TicketBiscuit denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.     TicketBiscuit denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.     TicketBiscuit denies each and every allegation set forth in Paragraph 23 of the Complaint.

///

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

24.     TicketBiscuit denies each and every allegation set forth in Paragraph 24 of the Complaint.

25.     TicketBiscuit denies each and every allegation set forth in Paragraph 25 of the Complaint.

26.     TicketBiscuit denies each and every allegation set forth in Paragraph 26 of the Complaint.

27.     TicketBiscuit denies each and every allegation set forth in Paragraph 27 of the Complaint.

28.     TicketBiscuit denies each and every allegation set forth in Paragraph 28 of the Complaint.

29.     TicketBiscuit denies each and every allegation set forth in Paragraph 29 of the Complaint.

## COUNT II
### Patent Infringement (U.S. Pat. No. 6,871,325)
### (35 U.S.C. § 271)

30.     TicketBiscuit incorporates its responses to Paragraphs 1-29 as though fully set forth herein.

31.     TicketBiscuit admits that U.S. Patent No. 6,871,325 ("the '325 patent") states on its face that it is entitled "Information Management and Synchronous Communications System with Menu Generation," and also states on its face that it was issued on March 22, 2005. TicketBiscuit further admits that what appears to be a copy of the '325 patent was attached as Exhibit B to the Complaint. TicketBiscuit is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 31 of the Complaint, and therefore denies them.

32.     TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and on that basis denies them.

///

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

1
2       33.     TicketBiscuit denies each and every allegation set forth in Paragraph 33
of the Complaint.

3
4       34.     TicketBiscuit denies each and every allegation set forth in Paragraph 34
of the Complaint.

5
6       35.     TicketBiscuit denies each and every allegation set forth in Paragraph 35
of the Complaint.

7
8       36.     TicketBiscuit denies each and every allegation set forth in Paragraph 36
of the Complaint.

9
10      37.     TicketBiscuit denies each and every allegation set forth in Paragraph 37
of the Complaint.

11
12      38.     TicketBiscuit denies each and every allegation set forth in Paragraph 38
of the Complaint.

13
14      39.     TicketBiscuit denies each and every allegation set forth in Paragraph 39
of the Complaint.

15
16      40.     TicketBiscuit denies each and every allegation set forth in Paragraph 40
of the Complaint.

17
18      41.     TicketBiscuit denies each and every allegation set forth in Paragraph 41
of the Complaint.

19
20      42.     TicketBiscuit denies each and every allegation set forth in Paragraph 42
of the Complaint.

21
22      43.     TicketBiscuit denies each and every allegation set forth in Paragraph 43
of the Complaint.

23
24      44.     TicketBiscuit denies each and every allegation set forth in Paragraph 44
of the Complaint.

25      ///
26      ///
27      ///
28      ///

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III
### Patent Infringement (U.S. Pat. No. 8,146,077)
### (35 U.S.C. § 271)

45.     TicketBiscuit incorporates its responses to Paragraphs 1-44 as though fully set forth herein.

46.     TicketBiscuit admits that U.S. Patent No. 8,146,077 ("the '077 patent") states on its face that it is entitled "Information Management and Synchronous Communications System with Menu Generation, and Handwriting and Voice Modification of Orders," and also states on its face that it was issued on March 27, 2012. TicketBiscuit further admits that what appears to be a copy of the '077 patent was attached as Exhibit C to the Complaint. TicketBiscuit is without sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 46 of the Complaint, and therefore denies them.

47.     TicketBiscuit lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint, and on that basis denies them.

48.     TicketBiscuit denies each and every allegation set forth in Paragraph 48 of the Complaint.

49.     TicketBiscuit denies each and every allegation set forth in Paragraph 49 of the Complaint.

50.     TicketBiscuit denies each and every allegation set forth in Paragraph 50 of the Complaint.

51.     TicketBiscuit denies each and every allegation set forth in Paragraph 51 of the Complaint.

52.     TicketBiscuit denies each and every allegation set forth in Paragraph 52 of the Complaint.

///

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

53.     TicketBiscuit denies each and every allegation set forth in Paragraph 53 of the Complaint.

54.     TicketBiscuit denies each and every allegation set forth in Paragraph 54 of the Complaint.

55.     TicketBiscuit denies each and every allegation set forth in Paragraph 55 of the Complaint.

56.     TicketBiscuit denies each and every allegation set forth in Paragraph 56 of the Complaint.

57.     TicketBiscuit denies each and every allegation set forth in Paragraph 57 of the Complaint.

58.     TicketBiscuit denies each and every allegation set forth in Paragraph 58 of the Complaint.

59.     TicketBiscuit denies each and every allegation set forth in Paragraph 59 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

TicketBiscuit denies that Plaintiff is entitled to any relief from TicketBiscuit or the Court, either as prayed for in the Complaint or otherwise. TicketBiscuit denies that it is infringing or has infringed any valid and enforceable claim of the Patents-in-Suit and that Plaintiff is entitled to any relief therefrom. Plaintiff's complaint should be dismissed with prejudice.

## DEMAND FOR JURY TRIAL

TicketBiscuit admits that Plaintiff requested a trial by jury.

## AFFIRMATIVE DEFENSES

Further answering the Complaint, TicketBiscuit asserts the following defenses without admitting any allegations of the Complaint not otherwise expressly admitted and without assuming any burden it would not otherwise have. Because the claims against TicketBiscuit are couched in conclusory, nearly unintelligible terms,

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

1   TicketBiscuit cannot fully anticipate all defenses that may be applicable to the

2   within action. Accordingly, TicketBiscuit expressly reserves the right to allege

3   additional affirmative defenses as they become known through the course of

4   discovery. TicketBiscuit further reserves the right to amend its Answer to add to or

5   amend its affirmative defenses.

6   **<u>FIRST AFFIRMATIVE DEFENSE</u>**

7   **(Failure to State a Claim)**

8       1.    The claims against TicketBiscuit fail to state facts sufficient to

9   constitute a claim upon which relief can be granted.

10   **<u>SECOND AFFIRMATIVE DEFENSE</u>**

11   **(Non-Infringement of the '850 Patent)**

12       2.    TicketBiscuit has not infringed and does not infringe (either directly or

13   indirectly) any claim of the '850 patent.

14   **<u>THIRD AFFIRMATIVE DEFENSE</u>**

15   **(Invalidity of the '850 Patent)**

16       3.    The claims of the '850 patent are invalid for failure to meet one or

17   more of the conditions of patentability set forth in 35 U.S.C. § 100 *et seq.*,

18   including, without limitation §§ 101, 102, 103, and/or 112 and the rules, regulations

19   and laws pertaining thereto.

20   **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

21   **(Non-Infringement of the '325 Patent)**

22       4.    TicketBiscuit has not infringed and does not infringe (either directly or

23   indirectly) any claim of the '325 patent.

24   **<u>FIFTH AFFIRMATIVE DEFENSE</u>**

25   **(Invalidity of the '325 Patent)**

26       5.    The claims of the '325 patent are invalid for failure to meet one or

27   more of the conditions of patentability set forth in 35 U.S.C. § 100 *et seq.*,

28

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

including, without limitation §§ 101, 102, 103, and/or 112 and the rules, regulations and laws pertaining thereto.

**SIXTH AFFIRMATIVE DEFENSE**

**(Non-Infringement of the '077 Patent)**

6.      TicketBiscuit has not infringed and does not infringe (either directly or indirectly) any claim of the '077 patent.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Invalidity of the '077 Patent)**

7.      The claims of the '077 patent are invalid for failure to meet one or more of the conditions of patentability set forth in 35 U.S.C. § 100 *et seq.*, including, without limitation §§ 101, 102, 103, and/or 112 and the rules, regulations and laws pertaining thereto.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Entitlement to Injunctive Relief)**

8.      Plaintiff is not entitled to injunctive relief because any purported injury may be addressed by an adequate remedy at law.

**NINTH AFFIRMATIVE DEFENSE**

**(No Willful Infringement)**

9.      TicketBiscuit denies that it has willfully infringed any valid and enforceable patent claim of the Patents-in-Suit and that Plaintiff is entitled to any relief therefrom.

**TENTH AFFIRMATIVE DEFENSE**

**(Equitable Defenses)**

10.      On information and belief, the relief sought by Plaintiff as to the Patents-in-Suit is barred, in whole or in part, under principles of equity including, but not limited to, laches, prosecution laches, collateral estoppel, equitable estoppel, acquiescence, doctrine of waiver, and/or unclean hands.

///

9      Case No. 3:13-cv-0352-DMS(WVG)
**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

## ELEVENTH AFFIRMATIVE DEFENSE

### (Prosecution History Estoppel)

11.     By virtue of statements and amendments made, or positions taken during the prosecution and/or reexamination of the '850, '325, or '077 patents and their respective applications, Plaintiff is estopped from construing any allegedly infringed claim of the asserted patents to cover or include, either literally or under the doctrine of equivalents, any TicketBiscuit product or method performed by TicketBiscuit.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Exceptional Case)

12.     Plaintiff cannot prove this is an exceptional case justifying an award of attorney's fees against TicketBiscuit under 35 U.S.C. § 285 because TicketBiscuit has not engaged in any conduct that entitles Plaintiff to attorney's fees.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Limitation on Remedies)

13.     Plaintiff's claims for damages are limited to those set forth in 35 U.S.C. §§ 284, 286, 287 and/or 288.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Exhaustion/License)

14.     Ameranth's claims against TicketBiscuit are barred and/or exhausted to the extent that any allegedly infringing products or components of the products are directly or indirectly provided to TicketBiscuit or by TicketBiscuit to an entity having express or implied license to any of the Patents-in-Suit.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and/or Claim Preclusion)

15.     Ameranth's patent infringement claims against TicketBiscuit are barred and/or limited by the doctrines of res judicata and/or claim preclusion based on the

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

final judgment entered in *Ameranth, Inc. v. Menusoft Sys. Corp. et al.*, No. 2:07-CV-271, (E.D. Tex.).

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Inequitable Conduct)

16.     The asserted '077 patent is unenforceable based on the doctrine of inequitable conduct, as alleged more specifically in TicketBiscuit's counterclaims set forth below.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses Based on Later Discovered Evidence)

17.     TicketBiscuit reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case, including but not limited to allegations of inequitable conduct occurring during the prosecution of the applications that led to the 850 and 325 patents based on Keith McNally's intentional failure to disclose, among other things, the Micros point-of-sale (POS) systems and McNally's and Ameranth's pre-critical date public use and commercial offers for sale of Ameranth's 21st Century Restaurant System and its TransPad handheld device.

### COUNTERCLAIMS

Counterclaimant TicketBiscuit hereby alleges the following counterclaims against counterclaim defendant Ameranth:

### The Parties

1.     TicketBiscuit is a Delaware corporation having its principal place of business in Birmingham, Alabama.

2.     On information and belief, Ameranth is a Delaware corporation having its principal place of business in San Diego, California.

///

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

## Jurisdiction and Venue

3.     These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and the Federal Declaratory Judgment Act, Title 28 of the United States Code §§ 2201 and 2202. This Court has subject matter jurisdiction over these counterclaims pursuant to Title 28 of the United States Code §§ 1331, 1338(a), 2201, and 2202.

4.     This Court has personal jurisdiction over Ameranth because it has purposefully availed itself of the benefits and protections of this jurisdiction, including by filing the instant action.

5.     Venue for these counterclaims is proper in this Court pursuant to Title 28 of the United States Code § 1391.

## Nature of the Action

6.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, for the purpose of determining a question of actual controversy between the parties. As described below, TicketBiscuit asserts counterclaims seeking a declaratory judgment that the claims of the '077 Patent are each invalid and unenforceable and that they are not infringed by TicketBiscuit. An actual controversy over the infringement, validity, and enforceability of the patent at issue exists between TicketBiscuit and Ameranth, as evidenced by the allegations of the Complaint for Patent Infringement and TicketBiscuit's responses thereto.

## Counterclaim for Relief – Count I

### (Declaratory Judgment of Non-Infringement)

7.     TicketBiscuit incorporates by references each of the allegations of Paragraphs 1-6 of the counterclaims above as if fully set forth herein.

8.     On or about February 13, 2013, Ameranth filed its Complaint for Patent Infringement against TicketBiscuit alleging infringement of the '077 patent. TicketBiscuit herein denies the allegations of infringement and asserts at least the

defenses alleged above. Accordingly, an actual justiciable controversy exists between TicketBiscuit and Ameranth as to whether the claims of the '077 patent are invalid, unenforceable, and/or not infringed by TicketBiscuit.

9.      TicketBiscuit does not infringe, under any theory of infringement, any valid and enforceable claim of the '077 patent.

**Counterclaim for Relief – Count II**

**(Declaratory Judgment of Invalidity)**

10.     TicketBiscuit incorporates by references each of the allegations of Paragraph 1-9 of the counterclaims above as if fully set forth herein.

11.     Each claim of the '077 patent is invalid and unenforceable for failure to comply with one or more of the requirements of Title 35 of the United States Code, including in particular §§ 101, 102, 103, and 112.

**Counterclaim for Relief – Count III**

**(Declaratory Judgment of Unenforceability/Inequitable Conduct)**

12.     TicketBiscuit incorporates by references each of the allegations of Paragraph 1-11 of the counterclaims above as if fully set forth herein.

13.     All claims of the '077 patent are unenforceable due to inequitable conduct during the prosecution of the '077 patent by Michael D. Fabiano, who acted as prosecution counsel for Ameranth before the PTO, and Keith McNally, a named inventor of the '077 patent and officer of Ameranth.

14.     The prosecution history of the '077 patent indicates that on or about February 2, 2010, McNally, who was then Chief Executive Officer of Ameranth, executed a power of attorney allowing Fabiano to represent Ameranth before the PTO for the prosecution of the '077 patent. During the prosecution of the '077 patent, McNally executed at least four declarations and participated in multiple interviews between Ameranth and the PTO. Thus, McNally was significantly involved in the prosecution of the '077 patent. On information and belief, McNally

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

1  stands to benefit financially from licensing fees or other revenue generated based on
2  the '077 patent.

3       15.    Fabiano represented Ameranth in the prosecution of the '077 patent and
4  was significantly involved in the prosecution of the '077 patent. Fabiano is also
5  representing Ameranth in litigation involving the '077 patent. On information and
6  belief, Fabiano stands to benefit financially from licensing fees or other revenue
7  generated based on the '077 patent.

8       16.    On February 2, 2012, Examiner Matthew Brophy issued a notice of
9  allowance, after entering an earlier Examiner's amendment, and the '077 patent
10 actually issued on March 27, 2012. The file prosecution history shows that
11 Examiner Brophy primarily handled the examination of the '077 patent.

12      17.    Public records indicate that, on July 26, 2005, U.S. Pat. Appl.
13 11/190,633 ("the '633 Application") was filed on behalf of Ameranth. Examination
14 of the '633 Application has primarily been handled by Examiner Rutao Wu. In an
15 office action mailed on January 7, 2010, Examiner Wu finally rejected all claims
16 then pending in the '633 Application. The primary reference relied on by Examiner
17 Wu was U.S. Pat. No. 7,069,228 ("Rose").

18      18.    The prosecution history for the '633 Application indicates that on July
19 2, 2010, McNally executed a power of attorney allowing Fabiano to prosecute the
20 '633 Application. On the same day, Fabiano filed a response to the rejection of all of
21 Ameranth's claims then pending in the '633 Application. The July 2, 2010 response
22 presented detailed arguments attempting to distinguish Ameranth's alleged
23 invention from the Rose patent and the other cited art. Despite Ameranth's
24 arguments, Examiner Wu continued to reject all of Ameranth's claims in an office
25 action dated October 5, 2010, which relied on Rose as its primary reference. On
26 October 26, 2010, Fabiano filed a response to the October 5, 2010 rejection. The
27 October 26, 2010 response presented additional detailed arguments attempting to
28 distinguish Ameranth's alleged invention from Rose and the other cited art.

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

19.    The prosecution history of the '633 Application further indicates that, on November 16, 2010, Fabiano held a telephonic interview with Examiner Wu during which Rose was discussed. On December 8, 2010, Fabiano filed a supplemental response presenting additional arguments attempting to distinguish Ameranth's alleged invention from Rose and the other cited art. On February 15, 2011 Examiner Wu issued a final rejection of all of pending claims of the '633 Application. The February 15, 2011 rejection maintained Rose as the primary reference.

20.    On information and belief both Fabiano and McNally became aware of Rose sometime before Fabiano filed the response in connection with the '633 Application on July 2, 2010. A period of more than 90 weeks passed between July 2, 2010 and the issuance of the '077 patent on March 27, 2012. Fabiano could have submitted Rose to the PTO so that it would be of record for the prosecution of the '077 patent at any time during that period.

21.    The preamble of claim 13 of the '077 patent reads: "An information management and real time synchronous communications system for use with wireless handheld computing devices and the internet comprising: …." The preamble of claims 77 and 97 of the '633 Application is identical to the preamble of claim 13 of the '077 patent.

22.    Element (a) of claim 13 of the '077 patent reads: "a master database connected in said system and configured to store hospitality application information pursuant to a master database file structure." Element (a) of claim 77 of the '633 Application reads: "a master database containing at least one hospitality application(s) and associated data." Element (a) of claim 97 of the '633 Application reads: "a master database containing hospitality applications and associated data."

23.    Element (b) of claim 13 of the '077 patent reads: "at least one wireless handheld computing device connected in said system and configured to display said hospitality application information". Element (b) of claim 77 of the '633

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

Application reads: "application software enabled to configure hospitality data for display on the 'non pc standard' display sized screen of at least one wireless handheld computing device in which the at least one hospitality application is stored". Element (b) of claim 97 of the '633 Application reads: "data application software enabled to configure hospitality data for display on the 'non pc standard' display sized screen of at least one wireless handheld computing device in which the at least one hospitality application is stored."

24.    Element (c) of claim 13 of the '077 patent reads: "at least one web server connected in said system." Element (c) of claim 77 of the '633 Application reads: "at least one Web server enabled by application software to interface with at least one hospitality application and its associated data." Element (c) of claim 97 of the '633 application reads: "at least one Web server enabled by application software to interface with at least one hospitality applications and associated data."

25.    Element (d) of claim 13 of the '077 patent reads: "at least one web page connected in said system and configured to display said hospitality application information." Element (d) of claims 77 and 97 of the '633 Application reads: "application software enabled to configure hospitality data for display on at least one web page."

26.    Element (e) of claim 13 of the '077 patent reads: "real time communications control software enabled to link and synchronize hospitality application information simultaneously between the master database, wireless handheld computing device, web server and web page." The second wherein clause of claim 77 of the '633 Application reads "wherein the system is enabled via application software to synchronize the at least one hospitality application(s) and its associated data with the data in a second and different hospitality application in real time between the master database, the at least one Web server, the at least one wireless computing device and the at least one web page." The first wherein clause of claim 97 of the '633 Application reads: "wherein the system is enabled by

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

application software to synchronize the at least one hospitality application and data in real time between the master database, the at least one wireless handheld computing device, the at least one Web server and the at least one Web page."

27.     The second wherein clause of claim 13 of the '077 patent reads: "wherein the communications control software is enabled to act as a real time interface between the elements of the system and any applicable communications protocol." The third wherein clause of claim 77 of the '633 Application reads: "wherein the communications control module is enabled via application software to act as an interface between the at least one hospitality application(s) and any applicable communications protocol." The second wherein clause of claim 97 of the '633 Application reads: "wherein the communications control module is also enabled via application software to act as an interface between the at least one hospitality applications and any applicable communications protocol."

28.     The claims of the '077 patent and the pending claims of the '633 Application that have been rejected in view of Rose contain numerous other similar elements.

29.      Given the significant similarity between the rejected claims of the '633 Application and the claims of the '077 patent, Rose would have been material to the prosecution of the '077 patent.

30.     On information and belief, prior to March 27, 2012, Fabiano became aware that Rose was a material reference to examination of the application that matured into the '077 patent and that awareness triggered Fabiano's duty to disclose Rose to the PTO under 37 CFR 1.56.

31.     On information and belief, prior to March 27, 2012, McNally became aware that Rose was a material reference to the examination of the application that matured into the '077 patent and that awareness triggered McNally's duty to disclose Rose to the PTO under 37 CFR 1.56.

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

32.     The prosecution history for the '077 patent indicates that Rose is not listed on any information disclosure statement submitted by Ameranth during prosecution of the '077 patent. Rose was also not cited by Examiner Brophy during prosecution of the '077 patent. Rose was not disclosed to the PTO during the prosecution of the '077 patent by Fabiano, McNally, or any other agent of Ameranth.

33.     On information and belief, Fabiano intentionally withheld Rose from the PTO during the prosecution of the '077 patent and thereby breached his duty of good faith and candor in dealing with the PTO under 37 CFR 1.56.

34.     On information and belief, McNally intentionally withheld Rose from the PTO during the prosecution of the '077 patent and thereby breached his duty of good faith and candor in dealing with the PTO under 37 CFR 1.56.

35.     On information and belief, the '077 patent would not have issued if Rose had been disclosed to Examiner Brophy. Accordingly, all claims of the '077 patent are unenforceable due to Fabiano's and McNally's inequitable conduct during the prosecution of the '077 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, TicketBiscuit prays for the following relief:

1.     A declaration that TicketBiscuit has not infringed and is not currently infringing the claims of the '077 patent;

2.     A declaration that the claims of the '077 patent are invalid and unenforceable;

3.     The entry of judgment against Ameranth and in favor of TicketBiscuit on all the claims asserted by Ameranth in the present action;

4.     That TicketBiscuit be awarded costs and reasonable attorney fees under 35 U.S.C. § 285; and

5.     That TicketBiscuit be awarded such other and further relief the Court deems just and appropriate.

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2

      Pursuant to Fed. R. Civ. P. 38, Defendant TicketBiscuit requests a trial by

3

jury on all issues so triable.

4

5

DATED:  September 27, 2013     MATT OLAVI

                               **OLAVI DUNNE LLP**

6

7

                               By:   */s/  Matt Olavi*

                                   Attorneys for Defendant,

8

                                   TicketBiscuit, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC.'S COMPLAINT**

## PROOF OF SERVICE

I, Matt Olavi, declare:

I am a citizen of the United States, employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to this action.  My business address is: 800 Wilshire Blvd., Suite 320, Los Angeles, California 90017.

On September 27, 2013, I caused the following documents to be served:

**TICKETBISCUIT, LLC'S ANSWER TO AMERANTH, INC'S COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

[X]   by the court's electronic filing system.  I am familiar with the U.S. District Court, Southern District of California's practice for collecting and processing electronic filings.  Under the practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in this case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under this practice, the CM/ECF user listed below was served:

**Attorneys for Ameranth, Inc.**

WILLIAM J. CALDARELLI
E-mail:  wjc@chplawfirm.com

I declare under the penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on September 27, 2013, at Los Angeles, California.

_____
*/s/ Matt Olavi*
Matt Olavi